IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE VASQUEZ, | : | CIVIL NO. 3:CV-11-1710 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN FRANK STRADA, | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On September 14, 2011, Petitioner George Vasquez ("Vasquez"), an inmate presently confined at the Low Security Correctional Institution- Allenwood ("LSCI Allenwood") in White Deer, Pennsylvania, initiated the above action pro se by filing a petition for writ of habeas corpus ("petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.)

Vasquez presents two grounds for relief. First, he alleges that the Federal Bureau of Prisons ("BOP") has failed to comply with the Federal Prisoner Reentry Initiative, codified at 42 U.S.C. § 17541, which requires the BOP to create an incentive program. (Id. at 6-7.) His second ground for relief is that the BOP has improperly amended 18 U.S.C. § 3621 by "unlawfully, willfully and intentionally for their own purpose add[ing] a number (6) to the five factors . . . for [Residential Reentry Center] RRC placement" in order to "trick inmates into thinking they have been considered for the incentives that were never properly implemented by the Director of the FBOP." (Id.)

Vasquez requests injunctive relief in the form of the BOP placing him as a "high risk inmate for the maximum RRC placement [of] 12 months." (Id. at 7.) He also requests that this Court compel the BOP, Warden Strada, and the United States Attorney General "to

explain why the incentive regulations were not issued as commanded" and the Justice Department to "answer as to why they feel they have the authority to amend a statute rather than issue regulations." (Id. at 7.)

By order dated September 26, 2011, service of the petition was directed, and respondent was directed to answer the petition within twenty-one (21) days. (Doc. 5.) On October 17, 2011, respondent filed a response to the petition (Doc. 8), along with supporting exhibits (Docs. 8-1, 8-2) and supporting authority (Doc. 8-3). On October 31, 2011, Vasquez filed his reply brief. (Doc. 13.) Accordingly, the petition is fully briefed and ripe for review. For the reasons set forth below, the petition will be denied.

## I.   Factual Background

On December 30, 1993, Vasquez was sentenced in the United States District Court for the Southern District of New York to a 262 month term of imprisonment for conspiracy to distribute heroin and for possession of heroin. (Doc. 8-1 at 2, Gainer Decl., ¶ 2.) In addition, on January 5, 1996, Vasquez was sentenced in the United States District Court for the Middle District of Pennsylvania to a consecutive eighteen (18) month term of imprisonment for possession of a prohibited object (cocaine and heroin). (Id.) Vasquez's total sentence is 280 months. (Id. at 3 ¶ 2.) He has been incarcerated at LSCI Allenwood since September 21, 1998. (Id. ¶ 3.) His current projected release date is October 10, 2012, via good conduct time release. (Id.)

### A.   Facts Regarding Exhaustion of Administrative Remedies

The BOP has a three-level Administrative Remedy Program that is available to inmates for "review of an issue which relates to any aspect of their confinement." 28 C.F.R.

2

§ 542.10. Inmates first must informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined through the submission of a BP-9 form. Id. at § 542.14(a). If dissatisfied with the response, the inmate may appeal an adverse decision first to the Regional Office and then to the Central Office of the BOP. Id. at § 542.15(a). No administrative remedy appeal is considered to have been fully exhausted until it has been denied by the Central Office of the BOP. Id. If the inmate receives no response within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

In the instant case, a review of BOP records reveals that Vasquez's first two attempts at seeking administrative relief regarding his displeasure with his RRC recommendation and seeking additional RRC time (Remedy Nos. 641663-F1 and 641663-R1) were rejected without being considered on the merits. (See Doc. 8-2 at 35, Albert Decl., ¶ 4; Doc. 8-2 at 40, Administrative Remedy Generalized Retrieval.) As a result of those rejections, on June 21, 2011, Vasquez filed administrative remedy number 643891-F1, which was rejected as being duplicative. (Doc. 8-2 at 35 ¶ 5; Doc. 8-2 at 41.) He then filed administrative remedy number 64442-F1, which was denied on July 6, 2011. (Id.) His appeal to the Regional Office (Remedy No. 644442-R1) was denied on August 16, 2011. (Doc. 8-2 at 35 5; Doc. 8-2 at 42.) Subsequent to his initiation of this action on September 14, 2011, on September 22, 2011, his appeal to the Central Office (Remedy No. 644442-A1) was rejected. (Doc. 8-2 at 35 ¶¶ 5-6; Doc. 8-2 at 42.) As of October 12, 2011, Vasquez had not filed any additional

administrative remedies regarding his RRC placement. (Doc. 8-2 at 35 ¶ 6.)

Vasquez concedes that he has not exhausted his administrative remedies with respect to the issues raised in the instant petition. (See Doc. 1 at 5.) Nevertheless, he claims that, because he is challenging the validity of a regulation rather than its application, exhaustion is not required. (See id.)

### B.  **Facts Regarding RRC Consideration**

On April 9, 2008, subsequent to the imposition of both of Vasquez's sentences, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law. The Second Chance Act increases an inmate's eligibility for pre-release placement in an RRC from six (6) to twelve (12) months and requires the BOP to make an individual determination that ensures that the placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008). In accordance with the statute, regulations were issued within ninety (90) days of the date of the enactment of the Second Chance Act, to ensure that placement in a community correctional facility by the BOP is conducted in a manner consistent with section § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community. 18 U.S.C. § 3624(c). Section 3621(b) states as follows:

> (b) Place of imprisonment. - - The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and

4

suitable, considering - -

>   (1) the resources of the facility contemplated;

>   (2) the nature and circumstances of the offense;

>   (3) the history and characteristics of the prisoner;

>   (4) any statement by the court that imposed the sentence - (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and

>   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28 . . .

> . . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment.

18 U.S.C. § 3621(b).

Following the passage of the Second Chance Act, the BOP issued two guidance memoranda dated April 14, 2008 (Doc. 8-1 at 6) and November 14, 2008, both of which required approval from the Regional Director for RRC placements of longer than six (6) months. Interim regulations passed on October 21, 2008 state that "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a) (see Doc. 8-2 at 24-27, Copy of 10/21/08 Interim Regs.). Moreover "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the

community, within the time-frames set forth in this part." 28 C.F.R. § 570.22. The regulations do not include a requirement that the Regional Director approve pre-release RRC placement beyond six months.

In addition, on June 24, 2010, a revised guidance memorandum was disseminated to provide BOP staff with new guidance on RRC placements. (Doc. 8-2 at 28-33.) In particular, BOP staff were reminded that "all" inmates are statutorily eligible for up to twelve (12) months of pre-release RRC placement. (See id. at 28-29.) However, the memo also advised that "not all inmates are appropriate for RRC placement, and for those who are appropriate, the length of the RRC placement must be determined on an individual basis in accordance with this guidance." (See id. at 29.)

Recommendations for RRC placements ordinarily are reviewed with the inmate and the Unit Team seventeen (17) to nineteen (19) months before each inmate's probable release date. (See Doc. 8-1 at 3, Gainer Decl., ¶ 4.) Referrals are then forwarded to the Community Corrections Manager ("CCM") at least sixty (60) days prior to the maximum recommended range or date. (See id. ¶ 5 (citing BOP Program Statement ("P.S.") 7310.04, Community Corrections Center Utilization and Transfer Procedures) (see Doc. 8-1 at 28).)

In addition to a consideration of the five statutory factors contained in 18 U.S.C. § 3621(b), an inmate's institutional programming, and specifically, his participation in or completion of Inmate Skills Development programs, is considered separately and apart to determine if additional RRC time is warranted as an incentive under 42 U.S.C. § 17541. Section 17541, which is entitled Federal prisoner reentry initiative, and is a provision of the Second Chance Act, requires the BOP to "provide incentives for prisoner participation in

skills development programs." 42 U.S.C. § 17541. One such incentive may, "at the discretion of the [BOP]" include "the maximum allowable period in a community confinement facility." 42 U.S.C. § 17541(a)(2)(A).

On April 20, 2011, Vasquez's Unit Team reviewed his entire case in order to consider him for RRC placement and recommended that he receive a five (5) to six (6) month RRC placement. (Doc. 8-2 at 6, 4/22/2011 RRC Consideration.) On June 22, 2011, Vasquez's institutional referral for RRC placement was approved by the Warden for 151-180 days. (Doc. 8-1 at 4, Gainer Decl., ¶ 9; Doc. 8-2 at 7, 6/22/2011 RRC Approval.) Vasquez's recommendation was based on the consideration of the five (5) statutory factors set forth in 18 U.S.C. § 3621 specific to him. (Id. ¶ 10; Doc. 8-2 at 8-23, Inmate Skills Development Plan.) In addition, his participation in programming was considered. (Id.) These considerations are reflected in the following comments by the Unit Team that were included with its recommendation: "Needs a residence. Has strong community ties, significant financial resources. Minimal program participation over past 19 years." (See Doc. 8-2 at 6.) Vasquez was confirmed for an RRC placement date of April 17, 2012. (Doc. 8-1 at 4 ¶ 11.)

## II.  Discussion

Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 n. 3 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488,

490-91 (1989)).

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485 (quoting 28 U.S.C. §§ 2241(a) and (c)(3)). This includes a challenge to the BOP's decision to exclude an inmate from release to an RRC. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005) (quoting Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)).

A.  **Exhaustion**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit consistently have required a petitioner to exhaust his administrative remedies before filing a petition for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); e.g., Callwood v. Enos, 230 F.3d 627, 632 (3d Cir. 2000). The Third Circuit requires administrative exhaustion for habeas claims raised under § 2241 because "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted).

It is apparent from the record that Vasquez failed to exhaust the administrative remedy process with respect to the issues he presents in the instant petition inasmuch as two of his administrative remedies concerning his RRC placement were rejected at the institution and regional levels (Remedy Nos. 641663-F1 and R1), a subsequent administrative remedy was

rejected as being duplicative (Remedy No. 643891-F1), his administrative remedy and subsequent appeal filed at Remedy Nos. 644442-F1 and 644442-R1 were denied, and his appeal to the Central Office at remedy number 644442-A1 was rejected. (See Doc. 8-2 at 35, Albert Decl., ¶¶ 4-5; Doc. 8-2 at 40-42, Administrative Remedy Generalized Retrieval.) Vasquez asserts that he is not required to exhaust his administrative remedies because he is challenging the validity of a regulation rather than its application. (See Doc. 1 at 5; Doc. 13, Reply Br., at 5.) A petitioner's failure to exhaust may be excused where the issue presented involves only statutory construction. Bradshaw, 682 F.2d at 1052-53. Nevertheless, in the instant case, where Vasquez is requesting that this Court direct the BOP to provide him with the maximum twelve (12) month RRC placement, it is clear that he is not simply challenging the statutory construction of 18 U.S.C. § 3621(b), or the BOP's implementation of the incentive program contemplated by the Federal Prisoner Reentry Initiative, codified at 42 U.S.C. § 17541, but rather is challenging discretionary decisions made by the BOP regarding *his* RRC placement. Courts in this district have held that, where a habeas petitioner challenges the specific application of a rule to his own situation, and not the rule's validity, exhaustion of administrative remedies is required. See e.g., Hronek v. Angelini, No. 07-1228, 2008 WL 7171822, at *3 (M.D. Pa. Mar. 17, 2008) (Rambo, J.); Perry v. Williamson, No. 07-769, slip op. (M.D. Pa. Oct. 10, 2007); Narvaez v. Angelini, No. 07-1227, slip op. (M.D. Pa. Sept. 5, 2007) (McClure, J.); Ahmed v. Lindsay, No. 06-1221, 2006 WL 3308667, at *2 n.3 (M.D. Pa. Oct. 11, 2006) (Kosik, J.); see also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005) ("The District Court excused Woodall's failure to exhaust his administrative remedies. It determined that exhaustion would be futile, given

that Woodall is not challenging the application of the BOP regulations, but their validity."). Accordingly, Vasquez is not excused from exhaustion in this matter, and the dismissal of his petition for failure to exhaust is appropriate. However, even if this Court were to determine that exhaustion should be excused, for the reasons set forth below, habeas relief still would be denied.

### B. Vasquez's RRC Placement Determination

As set forth above, the BOP exercises its authority pursuant to the Second Chance Act to determine individual inmate placements to an RRC by applying the five (5) factors set forth in 18 U.S.C. § 3621(b). In various other cases in this District where, as is the situation here, an RRC placement decision was made after the issuance of the BOP's October 21, 2008 regulations, this Court consistently has concluded that the Second Chance Act affords the BOP discretionary authority to transfer an inmate to an RRC for *up to* twelve (12) months prior to the inmate's release date after consideration of the factors set forth in 18 U.S.C. § 3621(b). See Wilson v. Strada, Civil No. 3:11-CV-1690, 2011 WL 6369787, at *6 (M.D. Pa. Dec. 16, 2011) (Munley, J.); Jernigan v. Scism, Civil No. 1:11-CV-1234, 2011 WL 5403479, at *4 (M.D. Pa. Nov. 8, 2011) (Jones, J.); Ogman v. Ebbert, Civil No. 3:10-CV-1342, 2010 WL 4922889, at *3 (M.D. Pa. Nov. 12, 2010) (Report & Recommendation) (Blewitt, J.), approved and adopted, 2010 WL 4922883 (M.D. Pa. Nov. 29, 2010) (Munley, J.); Berlin v. Bledsoe, Civil No. 1:10-CV-1092, 2010 WL 3528571, at *4 (M.D. Pa. Sep. 8, 2010) (Rambo, J.); Cullum v. Bledsoe, Civil No. 1:09-CV-2385, 2010 WL 2521035, at *4 (M.D. Pa. Jun. 15, 2010) (Connor, J.); McDonald v. Obama, Civil No. 1:10-CV-0379, 2010 WL 1526443, at *6 (M.D. Pa. Mar. 15, 2010) (Report & Recommendation) (Carlson, M.J.),

approved and adopted, 2010 WL 1526447 (M.D. Pa. Apr. 15, 2010) (Caldwell, J.); Wires v. Bledsoe, Civil No. 3:09-CV-2247, 2010 WL 427769, at *4 (M.D. Pa. Feb. 3, 2010) (Munley, J.) (finding that the record clearly established that the petitioner's unit team gave petitioner individualized consideration for RRC placement consistent with the five factors of section 3621(b)).

In the instant case, it is apparent from the record that Vasquez received individual review of the five (5) statutory factors contained in 18 U.S.C. § 3621(b) specific to him. (See Doc. 8-1 at 4, Gainer Decl., ¶ 10; Doc. 8-2 at 6, 4/20/2011 RRC Consideration.) In particular, it is apparent from the comments accompanying the recommendation that Vasquez's need to secure a residence, his strong community ties, and his significant financial resources played a role in the recommendation that he receive a five (5) to six (6) month RRC placement. (See Doc. 8-2 at 6.) Vasquez suggests in his petition that he should have been classified by the BOP as a "high risk" inmate such that he would have received the maximum RRC placement of twelve (12) months. (See Doc. 1 at 7.) However, he has failed to point to any evidence that such a classification exists for purposes of determining an RRC placement, or that the BOP abused its discretion in failing to classify him as such in determining that a five (5) to six (6) month placement is appropriate in his case.

Vasquez also contends that the BOP has failed to comply with the Federal prisoner reentry initiative's requirement to create an incentive program. (Doc. 1 at 6-7; Doc. 13, Reply Br., at 1-2, 4-6.) He asserts that Warden Strada's statement within his response to an administrative remedy submitted by a fellow inmate that the Director of the BOP has not developed any incentives for participation in Inmate Skills Development Programming other

11

than consideration for the maximum period in an RRC is evidence that "the Director [of the BOP] since 2007 has not complied with the law." (See Doc. 13 at 5, at 20-21, Ex. F.) Vasquez misapprehends the language of 42 U.S.C. § 17541(a)(2). As the United States Court of Appeals for the Third Circuit recently held, "Although the [SCA] . . . requires the Attorney General and the Director of the Bureau of Prisons to establish incentives for prisoner participation in skills development programs, the statute does not require that any particular incentives be given." Richardson v. Director for Bureau of Prisons, 434 Fed. Appx. 121, 122 (3d Cir. 2011) (nonprecedential). Based on this holding, Vasquez's argument that the Director of the BOP has violated the law by failing to develop incentives in addition to consideration for the maximum period in an RRC lacks merit. Moreover, Vasquez received appropriate consideration under the Federal prisoner reentry initiative separately and apart from the factors set forth in 18 U.S.C. § 3624(c), as reflected by the comment on his RRC Consideration form stating that he had minimal program participation over the past nineteen (19) years of his incarceration. (See Doc. 8-2 at 6, 4/20/2011 RRC Consideration.) As such, Vasquez's arguments concerning the BOP's development of incentive programs and its consideration of him for any applicable incentive award in considering his RRC placement do not warrant habeas relief.

## III. Conclusion

For the foregoing reasons, Vasquez's petition for writ of habeas corpus will be denied. An appropriate order follows.

                                              **BY THE COURT:**

                                              <u>s/James M. Munley</u>
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**

Dated: December 29, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE VASQUEZ, | : | CIVIL NO. 3:CV-11-1710 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN FRANK STRADA, | : | |
| Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 29th day of December, 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court